UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA MCCORD,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-191

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6),[3] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of June 30, 2005. PageID 243-51. Plaintiff claims disability as a result of a number of alleged

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

impairments including, *inter alia*, degenerative disc disease, bilateral carpal tunnel syndrome ("CTS"), chronic obstructive pulmonary disease ("COPD"), obesity, and depression. PageID 67.

After initial denials of her applications, Plaintiff received a hearing before ALJ John S. Pope on August 15, 2013. PageID 82-120. The ALJ issued a written decision on November 27, 2013 finding Plaintiff not disabled. PageID 65-77. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since June 30, 2005, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease, bilateral carpal tunnel syndrome ("CTS"), left elbow arthralgia, chronic obstructive pulmonary disease ("COPD"), obesity, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medical equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently push or pull bilaterally with her upper extremities, use hand controls bilaterally, climb ramps and stairs, stoop, kneel, crouch, crawl, reach overhead, and handle and finger objects bilaterally. The claimant can only occasionally climb ladders, ropes or scaffolds. The claimant must avoid concentrated exposure to extreme heat, humidity, and pulmonary irritants. The claimant can only occasionally engage in superficial social interactions.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1962 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 65-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 54-56. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 65-77. Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 7 at PageID 492-97. The Commissioner's response to the Statement of Errors defers to the ALJ's statement of facts, and incorporates relevant evidence

into the arguments presented. Doc. 8 at PageID 507. Accordingly, except as otherwise noted herein, the undersigned incorporates the statement of facts set forth by Plaintiff and the ALJ.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her sole assignment of error, Plaintiff argues that the ALJ improperly assessed her credibility. Doc. 8 at PageID 498. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A claimant's credibility comes into question where his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical

evidence[.]" *Id*. "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used[.]" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 404.1529(a); *Buxton*, 246 F.3d at 773; *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)).

"First, the ALJ will ask whether . . . there is an underlying medically determinable . . . impairment that could reasonably be expected to produce the claimant's symptoms." *Id*. (citation omitted). Second, where, as here, the ALJ determines "that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id*. (citations omitted); *see also* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). In considering the second part of the two-part analysis, the ALJ must consider a number of "[r]elevant factors," including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see also Rogers*, 486 F.3d at 247.

To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the

opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Here, the ALJ considered a number of factors in finding Plaintiff not fully credible, such as her noncompliance with treatment recommendations; significant gaps in her treatment record; a failure to give a full effort during her consultative examination; and the lack of acceptable medical source opinions concluding that she had disabling limitations. PageID 73. In challenging the credibility finding, Plaintiff first argues that the ALJ ignored objective evidence that could support her allegations -- namely, objective findings of nerve impingement in the lumbar spine in a July 2005 MRI. *Id.* at PageID 501.

Contrary to Plaintiff's contention, however, the ALJ specifically cited such record -- albeit not verbatim and without specifically noting the nerve impingement -- just before noting that, in December 2009 -- *i.e.*, years after the July 2005 MRI -- Plaintiff's treating physician Kattie Amegatcher, M.D., found that she was capable of returning to work, although with certain restrictions for one week upon her return. PageID 334. Further, other medical sources of record -- namely, Leanne M. Bertani, M.D., a record reviewing physician -- reviewed that specific MRI, noted the nerve impingement, and nevertheless found Plaintiff was not so limited as to be precluded from full-time work. *See* PageID 159, 162-64. The ALJ assigned "great weight" to this opinion, *see* PageID 74, and Plaintiff asserts no error regarding the assignment of such weight. Based on the foregoing, the undersigned finds no reversible error in this regard.

Plaintiff also argues that the ALJ failed to consider explanations for her noncompliance with treatment,[5] and erroneously cited her daily activities[6] to undermine her credibility. Doc. 7 at PageID 501-04. Notably, and significantly, Plaintiff does not challenge the ALJ's reliance on statements from examining medical source Stephen W. Duritsch, M.D. -- who noted that Plaintiff failed to give full effort on shoulder and lumbar range of motion examinations, and similarly gave a poor effort with regard to grip strength and pinching exams. PageID 357. Plaintiff also does not challenge either the ALJ's weighing of medical source evidence, or his reliance on the lack of any disabling opinion from those sources in finding Plaintiff less than credible. *See* PageID 73.

Thus, even assuming, *arguendo*, that the ALJ erred -- in ignoring reasons for noncompliance with and gaps in treatment, and also in relying on Plaintiff's daily activities to undermine her credibility -- the Court finds such error harmless in light of the unchallenged and significant other reasons the ALJ relied upon in discounting her credibility. *Duffie v. Comm'r of Soc. Sec.*, No. 3:14-CV-394, 2016 WL 491833, at *7 (S.D. Ohio Feb. 9, 2016), *report and recommendation adopted sub nom. Duffie v. Colvin*, No. 3:14-CV-394, 2016 WL 815161 (S.D. Ohio Mar. 2, 2016) (citing *Wolfe v. Comm'r of Soc. Sec.*, No. 3:14-cv-4, 2015 WL 4554168, at

---

[5] Social Security Ruling ("SSR") 96-7p provides that a claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7. However, an ALJ cannot discount a claimant's credibility based upon "a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id*. Here, while the Commissioner argues that there is no evidence regarding reasons for Plaintiff's noncompliance with and gaps in treatment, the Court finds otherwise. Plaintiff did state in her Disability Report to the Social Security Administration that "because of [her] circumstances in life physically, mentally, emotionally, [and] financially, [she] find[s] it almost impossible to make or even get to appointments with doctors, etc." PageID 283. Plaintiff further stated in that Report that she has "no license, no car, no finances, [and doesn't] know where to turn." *Id*. The ALJ did not specifically mention this reason when considering Plaintiff's credibility.

[6] Daily activities may be relevant in assessing credibility if those activities suggest that Plaintiff can perform those activities "on a sustained basis[.]" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013).

*8 (S.D. Ohio Mar. 24, 2015); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (noting that "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such [error] is deemed harmless and does not warrant reversal")).

"[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakely*, 581 F.3d at 406 (citations omitted). Finding substantial evidence in the record to support the ALJ's credibility determination, the undersigned overrules Plaintiff's sole assignment of error.

## IV.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

Date: August 2, 2016                    */s/ Michael J. Newman*
                                        Michael J. Newman
                                        United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).